CHARLES L. KELLAR, Appellant, v. M. EDWARD FIKE, LAWYERS TITLE OF LAS VEGAS AND NEVADA ESCROW SERVICES, INC., Respondents.

No. 5181

August 9, 1968                    444 P.2d 130

*Charles L. Kellar,* of Las Vegas, for Appellant.

*Dickerson & Miles,* of Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

The district court entered summary judgment for the defendants Fike, Nevada Escrow and Lawyers Title, and this appeal by the plaintiff, Kellar, followed. We affirm.

The summary judgment concerned only the fifth cause of action of the plaintiff's second amended complaint. That claim rests upon an order discharging an attachment entered in another case brought by Balaban and Ruggerio, as plaintiffs against Carver House Hotel, defendant, and directed Lawyers Title to pay Kellar $10,000. The record of that other case is not before us. From the slim record we do have, however, it appears that (a) none of the parties to this case was a party to the other case; (b) the attached funds in the other case were in the possession of Nevada Escrow, not Lawyers Title, and the order therein directing Lawyers Title to disburse $10,000 was, therefore, clearly erroneous; (c) the attachment in the other case was discharged because of an agreement in that action between the defendant herein, Carver House Hotel and Viscount Construction Co., pursuant to which Viscount agreed to deposit $10,000 with Nevada Escrow and authorized Nevada Escrow to pay that amount into court should judgment be entered against Carver House in that case. That case has not proceeded to judgment.

Furthermore, the relationship between Nevada Escrow, Lawyers Title and Fike does not appear from the fifth cause of action. Neither does the interest of Kellar in the attached funds in the other case appear from that claim for relief. To the contrary, the record before us suggests that Kellar is not the real party in interest with respect to the fifth claim for relief. Nothing has been offered in opposition to the defendant's motion for summary judgment to create an issue of material fact with regard to the matters we have mentioned.

Affirmed.